UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF FALCON GLOBAL | * | CIVIL ACTION |
| OFFSHORE II LLC, AS OWNER, | * | |
| SEACOR MARINE LLC AS | * | |
| MANAGER/OPERATOR, AND SEACOR | * | SECTION |
| LIFTBOATS LLC, AS ALLEGED | * | |
| OWNER/OPERATOR OF THE | * | |
| SEACOR POWER | * | JUDGE |
| PETITIONING FOR EXONERATION | * | |
| FROM OR LIMITATION OF LIABILITY | * | MAG. |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*

## VERIFIED COMPLAINT IN LIMITATION

The Verified Complaint in Limitation of Falcon Global Offshore II LLC, as owners, SEACOR Marine LLC, as manager/operator, and SEACOR Liftboats LLC, as the alleged owner/operator of the SEACOR POWER (collectively, "Petitioners"), in a cause of exoneration from or limitation of liability, civil and maritime, within the admiralty and maritime jurisdiction of this Honorable Court, pursuant to 28 U.S.C. § 1333, 46 U.S.C. § 30501, *et seq.*, Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Admiralty Rules"), alleges upon information and belief, as follows:

1.

At all times material hereto, Falcon Global Offshore II LLC ("Falcon"), was and is a limited-liability company organized and existing under and by virtue of the laws of Delaware, with its principal place of business in Louisiana, and is the owner of the SEACOR POWER (sometimes referred to as "the Vessel").

1

2.

At all times material hereto, SEACOR Marine LLC ("SEACOR"), was and is a limited-liability company organized and existing under and by virtue of the laws of Delaware, with its principal place of business in Louisiana, and is the manager/operator of the SEACOR POWER. As such and for the reasons discussed further herein, SEACOR is an "owner" of the SEACOR POWER for purposes of the Limitation of Liability Act.

3.

At all times material hereto, SEACOR Liftboats LLC ("SEACOR Liftboats"), was and is a limited-liability company organized and existing under and by virtue of the laws of Delaware, with its principal place of business in Louisiana, and is incorrectly alleged by certain anticipated claimants to be the owner/operator of the SEACOR POWER.

4.

Before the occurrence of the incident described herein, the SEACOR POWER was a liftboat and offshore supply vessel bearing IMO number 8765682, with a gross registered tonnage of 2,276, and flagged under the laws of the United States of America.

5.

Petitioners used due diligence at all times to make and maintain the SEACOR POWER in all aspects seaworthy, and prior to the incident described herein, the SEACOR POWER was tight, staunch, strong, fully and competently manned, properly equipped and supplied, and in all respects seaworthy and fit for the service in which she was engaged.

6.

On April 13, 2021, shortly after 1200 local time, the SEACOR POWER departed from the berth at Port Fourchon, Louisiana, heading to a Talos Energy LLC ("Talos") facility located at

MP-138. At approximately 1605 local time on April 13, 2021, the SEACOR POWER capsized in the Gulf of Mexico, roughly seven (7) to eight (8) nautical miles off the coast of Louisiana, in federal waters, after the Vessel suddenly and unexpectedly encountered extremely severe winds and seas. The SEACOR POWER is currently submerged in or around the location of its capsizing, at approximately Lat 29°00'25.7877"N and Long 90°11'52.9852"W.

7.

This Complaint is filed within six (6) months from the date Petitioners first received any notice of a limitable claim.

8.

The aforementioned incident was not due to any fault, neglect or want of care on the part of Petitioners or the SEACOR POWER or anyone for whom said Petitioners may be responsible. To the contrary, the Master who was in command of the SEACOR POWER on April 13, 2021 was experienced, well trained and highly competent. The weather report received by the captain on the morning of April 13, 2021 forecast afternoon winds and seas well within the SEACOR POWER's safe operating limits, and his decision to depart the berth and proceed with the voyage was reasonable and prudent. The voyage proceeded uneventfully for several hours until the weather suddenly and drastically deteriorated to a degree that was unforeseeable and well beyond the predicted weather conditions. Within a matter of minutes, the SEACOR POWER encountered heavy seas and hurricane force winds. Efforts were made to jack down the legs of the SEACOR POWER and turn the Vessel into the winds, but before the legs could be lowered to the sea floor, the SEACOR POWER was overcome by forces of nature. The SEACOR POWER's capsizing was a *force majeure* event which Petitioners could not have reasonably anticipated and for which Petitioners are not responsible.

9.

The aforementioned incident, and the resulting losses and damages, if any, liability for which is specifically denied by Petitioners, was done, occasioned and occurred without the fault, privity or knowledge of the Petitioners.

10.

As a result of the aforementioned incident, thirteen (13) individuals either perished or are presumed to have perished, while another six (6) individuals were rescued by the United States Coast Guard and other good Samaritan vessels. Those six (6) individuals are alleged to have sustained physical and/or emotional injuries, and/or other losses as a result of the aforementioned incident. In addition to those nineteen (19) potential injury or death claims, certain third-party contractors with property on the Vessel also may have sustained physical damage to property and/or other losses.

11.

Upon information and belief, Petitioners are, as of this date, aware of the following suits having been filed as a result of this incident:

- *Brandy Williams Norris, as Personal Representative of Decedent Ernest J. Williams, Jr. v. SEACOR Marine LLC, et al*

  United States District Court, Eastern District of Louisiana
  No. 2:21-cv-00903, Judge Milazzo, Magistrate Judge van Meerveld

- *Shelia Wallingsford, individually and in her capacity as Representative of the Estate of James Wallingsford v. SEACOR Marine LLC, et al*

  United States District Court, Southern District of Texas
  No. 4:21-cv-01657, Judge Sim Lake

- *Yvette J. Ledet, in her own right and in her capacity as the legal and personal representative of her deceased husband, David Ledet v. SEACOR Marine LLC, et al*

  United States District Court, Eastern District of Louisiana

4

No. 2:21-cv-00854, Judge Milazzo, Magistrate Judge van Meerveld

- *Charlton Peter Rozands, Jr., and June Bergeron Rozands, individually and as Co-Administrators of the Estate of Christopher Cooper Rozands and as Provisional Tutors of Cullen Christopher Rozands v. SEACOR Marine LLC, et al*

  United States District Court, Eastern District of Louisiana
  No. 2:21-cv-00867, Judge Milazzo, Magistrate Judge van Meerveld

- *Gerald Krell, Individually and as Representative of the Estate of Jason Krell, Deceased v. SEACOR Marine LLC, et al*

  Harris County, Texas 164 Judicial District
  Cause No. 2021-26329 / Court: 164

- *Angel Morales, Individually and as Representative of the Estate of Chaz Morales, Deceased, and as Next Friend to Valerie Morales, Chaz Morales, Jr. and Jaxon Morales v. SEACOR Marine LLC, et al*

  Harris County, Texas 152 Judicial District
  Cause No. 2021-26075 / Court: 152

- *Lynn Shields Warren, Individually, on Behalf of Minor Child, Lola Ann Warren, and on Behalf of The Estate of Lawrence James Warren II. v. SEACOR Marine LLC, et al*

  United States District Court, Western District of Louisiana
  No. 6:21-cv-01346, Judge Juneau, Magistrate Judge Hanna

- *Michelle Martin, Individually and as Tutrix and Next Friend to A.P., E.P., and M.S., minors, and as representative of the Estate of Quinon Pitre v. SEACOR Marine LLC, et al*

  Harris County, Texas 113 Judicial District
  Cause No. 2021-27956 / Court: 113

- *Estelle Walcott, individually and as representative of the Estate of Gregory Walcott, Deceased v. SEACOR Marine LLC, et al*

  17th Judicial District for the Parish of Lafourche, State of Louisiana
  No. C-142771, Division A

- *Dawn Saddler, Individually and as Representative of the Estate of Gregory Walcott, Deceased, Arlana Saddler, Cristal Saddler, Luster Saddler, and James Saddler v. SEACOR Marine LLC, et al*

  Harris County, Texas 113 Judicial District
  Cause No. 2021-32218 / Court: 113

- *Dwayne Lewis v. SEACOR Marine LLC, et al*

  United States District Court, Eastern District of Louisiana
  No. 2:21-cv-01056

In addition, Petitioners have been made aware that other individuals have retained counsel

and may bring claims in the future arising out of the aforementioned voyage of the SEACOR

POWER, the sum total of which is expected to exceed the value of the SEACOR POWER and its

freight pending, as outlined below. Petitioners bring this action so that all claims by all interested

parties can be promptly and fairly adjudicated in a single forum, consistent with procedures

established by Congress, the Federal Rules of Civil Procedure, and this Court. Contemporaneous

with the filing of this Petition, Petitioners seek an order from this Court establishing a period of

time within which any interested party may file a claim for damages so that the final adjudication

of this matter may proceed expeditiously under the Court's supervision.

12.

Venue is proper in this judicial district pursuant to Rule F(9) of the Supplemental

Admiralty Rules because the SEACOR POWER has not been attached or arrested, the incident

happened off the coast of Louisiana, the vast majority of persons on board the SEACOR POWER

at the time of the incident resided in Louisiana, and Petitioners have been sued in this district.

13

The total hire or pending freight for the voyage in question was FOUR MILLION

SEVENTY-TWO THOUSAND FIVE UNDRED AND 00/100 ($4,072,500) DOLLARS.

14.

The attached Vessel Valuation from Norman Dufour dated May 28, 2021, shows the

SEACOR POWER had a scrap value of not more than SIX HUNDRED FIFTY THOUSAND

AND 00/100 ($650,000.00) DOLLARS at the conclusion of this incident. (See Valuation, attached

as Exhibit A). Petitioners reserve the right to supplement and amend this paragraph as further facts

are developed.

15.

In addition, pursuant to 46 USC § 30506, the death and personal injury claims fund of $420

per gross registered ton produces an increase in the limitation fund of NINE HUNDRED FIFTY-

FIVE THOUSAND NINE HUNDRED TWENTY AND 00/100 ($955,920.00) DOLLARS.

16.

Petitioners herewith submit for Court approval, as security for the benefit of all potential

claimants, a Letter of Undertaking from Assuranceforeningen SKULD (Gjensidig) in the sum of

FIVE MILLION SIX HUNDRED SEVENTY-EIGHT THOUSAND FOUR HUNDRED

TWENTY AND 00/100 ($5,678,420.00) DOLLARS, plus interest at six percent (6%) per annum

from the date of said Letter of Undertaking, said sum representing the total value of the SEACOR

POWER and her appurtenances, plus freight pending, plus the supplemental personal injury fund.

(See Letter of Undertaking, attached as Exhibit B).

17.

Petitioners claim exoneration from and limitation of liability from any and all injuries,

deaths, losses, or damages occurring as a result of the aforementioned incident and for any and all

claims therefor. Petitioners maintain they have valid defenses thereto on the facts and on the law,

and further alleged that the incident occurred without the privity and knowledge of Petitioners.

Alternatively, Petitioners, without admitting but affirmatively denying all liability, claim the

benefit of the Limitation of Liability provided for in 46 U.S.C. § 30501, *et seq*., and, to that end,

Petitioners herewith deposit into the registry of the Court, as security for the benefit of all potential

claimants, the aforementioned Letter of Undertaking.

18.

Should the Petitioners be found liable and the amount or value of Petitioners' interests in

the SEACOR POWER, as aforesaid, is not sufficient to pay all losses in full, then all claimants

shall be made to share *pro rata* in the aforesaid sum represented by the Letter of Undertaking,

saving to all such claimants any rights of priority they may have as ordered by this Honorable

Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including

the Supplemental Admiralty Rules, the General Maritime Law, and by the rules and practices of

this Honorable Court.

19.

All and singular the premises of this Complaint for Exoneration from or Limitation of

Liability are true and correct and within the admiralty and maritime jurisdiction of the United

States and of this Honorable Court, and within the meaning and intent of Rule 9(h) of the Federal

Rules of Civil Procedure.

**WHEREFORE**, Petitioners, Falcon Global Offshore II LLC, SEACOR Marine LLC, and

SEACOR Liftboats LLC pray that:

1.     This Court issue an Order approving the Letter of Undertaking submitted to the

Court by Petitioners as security for the amount or value of their interest in the SEACOR POWER;

2.     This Court issue a notice to all persons asserting claims with respect to which this

Complaint seeks exoneration from or limitation of liability, admonishing them to file their

respective claims with the Clerk of this Court and to serve on the attorneys for Petitioners a copy

thereof on or before a date to be named in the notice, and that if any claimant desires to contest

either the right to exoneration from or the right to limitation of liability, such person shall file and

serve on the attorneys for Petitioners an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated;

3.      This Court enjoin the further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against Petitioners, their officers, and underwriters, and/or against the SEACOR POWER, her officers, crew, and underwriters, or against any employee or property of Petitioners except in this action, to recover damages for or in respect of any loss, damage, injury or deaths occasioned or incurred as a result of the aforesaid accident;

4.      This Court adjudge, after due proceedings, that Petitioners are not liable to any extent for any injuries, losses, deaths or damages occurring as a result of the accident, or for any claim therefor in any way arising out of or resulting from the aforesaid accident;

5.      Alternatively, if Petitioners shall be adjudged liable, then such liability shall be limited to the amount or value of Petitioners' interest in the SEACOR POWER, as aforesaid, at the time of the accident, that Petitioners be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinafter prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging the Petitioners and their underwriters from all further liability; and

6.      Petitioners have such other and further relief as may be just and appropriate under the circumstances.

Respectfully submitted,

MURPHY, ROGERS, SLOSS,
 GAMBEL & TOMPKINS

/s/ Peter B. Tompkins
_____
Peter B. Tompkins, T.A. (#17832)
ptompkins@mrsnola.com
Peter B. Sloss (#17142)
psloss@mrsnola.com
Timothy D. DePaula (#31699)
tdepaula@mrsnola.com
Tarryn E. Walsh (#36072)
Twalsh@mrsnola.com
701 Poydras Street
Suite 400, Hancock Whitney Center
New Orleans, LA 70139
Telephone: (504) 523-0400
Fax: (504) 523-5574

AND

PHELPS DUNBAR LLP

/s/ Gary A. Hemphill
_____
Gary A. Hemphill T.A. (#6768)
Adam N. Davis (#35740)
Arthur R. Kraatz (#35194)
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
Phone: (504) 566-1311
Facsimile: (504) 568-9130
Email:  gary.hemphill@phelps.com
        adam.davis@phelps.com
        arthur.kraatz@phelps.com

*Attorneys for Falcon Global Offshore II LLC,
SEACOR Marine LLC, and SEACOR Liftboats LLC*

4822-2136-2668, v. 2

10