UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF FALCON GLOBAL * <br> OFFSHORE II LLC, AS OWNER, * <br> SEACOR MARINE LLC AS * <br> MANAGER/OPERATOR, AND SEACOR * <br> LIFTBOATS LLC, AS ALLEGED * <br> OWNER/OPERATOR OF THE * <br> SEACOR POWER * <br> PETITIONING FOR EXONERATION * <br> FROM OR LIMITATION OF LIABILITY * <br> * | CIVIL ACTION NO.: 2:21-cv-01062 <br><br> JUDGE: HON. JANE TRICHE MILAZZO |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**ANSWER TO VERIFIED COMPLAINT IN LIMITATION
AND CLAIM BY HANNAH DASPIT**

COMES NOW Limitation Claimant, Hannah Daspit ("Limitation Claimant"), as personal representative of her deceased husband, Dylan Daspit, a person of majority age, who answers the Verified Complaint in Limitation of Falcon Global Offshore II LLC, Seacor Marine LLC, and Seacor Liftboats LLC (collectively "Limitation Complainants") as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Limitation Complainants are not entitled to exoneration from or limitation of liability in these proceedings, since the unseaworthiness of the SEACOR POWER and the negligent conduct of Limitation Complainants occurred within the privity and knowledge of the Limitation Complainants, as the Limitation Complainants themselves were negligent in the ownership, management, operation and maintenance of the SEACOR POWER.

**THIRD DEFENSE**

Limitation Claimant respectfully avers that the security posted herein is legally insufficient due

to its failure to include pending freight, insurance proceeds and other vessels within the fleet, the limitation fund is therefore inadequate, the value of Limitation Complainants' interest in the SEACOR POWER, her pending freight, insurance proceeds and fleet sister vessels is far greater than the security and ad interim stipulation, and the limitation fund should therefore be dismissed.

### FOURTH DEFENSE

Limitation Claimant specifically reserves her right pursuant to 46 U.S.C. § 30501 et seq., 33 U.S.C. § 901 et seq., 28 U.S.C. § 1333 and/or the general maritime law to pursue her claims and causes of action in the pending action entitled *Hannah Daspit, as personal representative of Dylan Daspit v. Seacor Marine LLC, et al.*, Civil Action Number 2:21-cv-01102, filed on June 8, 2021. The filing of this Answer and Claim in no way constitutes a waiver of these rights or an agreement to join all issues in this proceeding.

### FIFTH DEFENSE

AND NOW, answering more particularly the allegations contained in the numbered paragraphs of the Complaint, Limitation Claimant avers as follows:

1.

Limitation Claimant admits the allegations contained in Paragraph 1 of the Complaint.

2.

Limitation Claimant admits the allegations contained in Paragraph 2 of the Complaint.

3.

Limitation Claimant admits the allegations contained in Paragraph 3 of the Complaint and further avers that Limitation Complainant Seacor Liftboats LLC should be dismissed from the concursus proceeding as it lacks standing to claim the benefits of 46 U.S.C. § 30501, et seq. as a non-vessel owner and/or operator.

4.

Limitation Claimant admits the allegations contained in Paragraph 4 of the Complaint.

5.

Limitation Claimant denies the allegations contained in Paragraph 5 of the Complaint.

6.

Limitation Claimant denies the allegations contained in Paragraph 6 of the Complaint due to lack of information to justify a reasonable belief therein.

7.

Limitation Claimant admits the allegations contained in Paragraph 7 of the Complaint.

8.

Based upon current information and belief, Limitation Claimant admits that the captain's "decision to depart the berth and proceed with the voyage was reasonable and prudent" given the limited information provided to him by Limitation Complainants on April 13, 2021.  Limitation Claimant denies the remaining allegations contained in Paragraph 8 of the Complaint as written.

9.

Limitation Claimant denies the allegations contained in Paragraph 9 of the Complaint.

10.

Limitation Claimant admits the allegations contained in Paragraph 10 of the Complaint.

11.

Limitation Claimant admits the allegations contained in Paragraph 11 of the Complaint.

12.

Limitation Claimant admits the allegations contained in Paragraph 12 of the Complaint.

13.

Limitation Claimant denies the allegations contained in Paragraph 13 of the Complaint due to lack of information to justify a reasonable belief therein.

14.

Limitation Claimant denies the allegations contained in Paragraph 14 of the Complaint due to lack of information to justify a reasonable belief therein.

15.

Limitation Claimant denies the allegations contained in Paragraph 15 of the Complaint due to lack of information to justify a reasonable belief therein.

16.

Limitation Claimant denies the allegations contained in Paragraph 16 of the Complaint due to lack of information to justify a reasonable belief therein.

17.

Limitation Claimant denies the allegations contained in Paragraph 17 of the Complaint.

18.

Limitation Claimant denies the allegations contained in Paragraph 18 of the Complaint.

19.

Limitation Claimant admits the allegations contained in Paragraph 19 of the Complaint.

20.

The prayer for relief does not require a response from Limitation Claimant, but to the extent one is required, Limitation Claimant denies the allegations contained therein.

## **CLAIM**

COMES NOW, Limitation Claimant, Hannah Daspit, as personal representative of her deceased husband, Dylan Daspit, a person of majority age, through undersigned counsel, and in

accordance with the provisions of Supplemental Rule F(5) of the Federal Rules of Civil Procedure, avers on information and belief the facts upon which she relies in support of this claim in limitation:

1.

Hannah Daspit brings this claim as personal representative of the Decedent, Dylan Daspit ("Decedent"), having been appointed administrator of Decedent's estate on May 24, 2021, in the matter entitled *Succession of Dylan Andrew Daspit*, filed in the 16th Judicial District Court, Parish of New Iberia, State of Louisiana, Docket number 24172, on behalf of all those entitled to recover damages as beneficiaries of the Decedent under applicable law.

2.

This claim is brought under the general maritime law of the United States of America. This suit is necessary to collect a legal debt and damages due and owing Limitation Claimant due to the negligence of Limitation Complainants, and the negligence and unseaworthiness of the SEACOR POWER, all of which proximately caused the drowning death of Decedent Dylan Daspit on or about April 13, 2021, while working aboard the SEACOR POWER as it operated in the Gulf of Mexico off the coast of Louisiana.

3.

At all material times, including on or about April 13, 2021, Decedent was employed by Cardinal Services, Inc. as a Coiled Tubing Supervisor, for which job he earned approximately $70,000 annually, plus found and fringe benefits.

4.

On or about April 13, 2021, Decedent was a maritime employee covered under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et. seq*.

5.

On or about April 13, 2021, Decedent was assigned to work aboard the L/B SEACOR POWER, a lift boat in navigation owned and/or operated by Limitation Complainants.

6.

At all material times, the SEACOR POWER was under the active control of Limitation Complainants and operating under a time charter agreement by and between Limitation Complainants and Talos Energy LLC (hereinafter "Talos") as time charterer.

7.

At all material times, Talos owned, operated and controlled all work on a stationary production platform located in the Gulf of Mexico.

8.

On or about April 13, 2021, the SEACOR POWER was in Port Fourchon, Louisiana for service, inspections and to take on supplies, equipment, and personnel for delivery to the Talos platform and use aboard said platform.

9.

On April 13, 2021, a strong weather front was moving into the area and weather conditions in the Gulf of Mexico were deteriorating in the voyage path of the SEACOR POWER.

10.

Despite the strong weather front and dangerous weather conditions in the Gulf of Mexico, the SEACOR POWER, at the direction and control of Limitation Complainants and time charterer Talos, left Port Fourchon, Louisiana at approximately 1:30 p.m., endangering the lives of all persons onboard the vessel.

11.

At the time the SEACOR POWER departed Port Fourchon, Louisiana, the National Weather Service had already issued a series of marine warnings for locations in southeast Louisiana, including Port Fourchon. Limitation Complainants knowingly failed to properly communicate these warnings to the crew of the SEACOR POWER, and instead ordered the SEACOR POWER to leave Port Fourchon on the ill-fated voyage to the Talos platform in the Gulf of Mexico.

12.

As weather conditions continued to predictably and foreseeably deteriorate, with winds quickly increasing and seas becoming rougher, and despite heroic efforts of her captain and crew, the SEACOR POWER took on water on her starboard side and ultimately capsized at or around 4:30 p.m. on April 13, 2021.

13.

Upon information and belief, Decedent survived the capsizing but ultimately perished while awaiting rescue, and although his body still has yet to be recovered, the U.S. Coast Guard has presumed Decedent Dylan Daspit dead. Decedent is survived by his spouse, Hannah Daspit, and two minor children, all of whom were completely and fully dependent upon Decedent for economic and emotional support.

14.

The incident described herein and resulting wrongful death of Decedent were proximately caused by the negligence and fault of Limitation Complainants in the following non-exclusive particulars, each within the privity and knowledge of Limitation Complainants:

    a. Failing to use reasonable care under the circumstances;

b. Failing to adequately address the deteriorating and dangerous weather conditions in the area prior to instructing the SEACOR POWER to leave port;

c. Failing to follow the weather advisories and marine bulletins issued by the National Weather Service prior to instructing the SEACOR POWER to leave port;

d. Failing to provide proper and adequate equipment and information to the crew of the SEACOR POWER to properly perform their duties and/or properly navigate the vessel during the deteriorating weather conditions;

e. Failing to maintain the vessel and its appurtenances and/or equipment in a safe and reasonable state of repair;

f. Failing to take reasonable precautions for the safety of all aboard the SEACOR POWER;

g. Failing to adequately inspect and repair the SEACOR POWER before the final voyage despite knowledge of damage to the vessel sustained during the previous voyage;

h. Failing to perform adequate safety meetings and analyses to identify and minimize the unreasonable risk of harm to all aboard the SEACOR POWER;

i. Failing to provide Decedent with a reasonably safe and non-hazardous workplace;

j. Failing to properly assess the weather conditions prior to dispatching the SEACOR POWER from port;

k. Failing to have an emergency rescue plan and/or adequate rescue appurtenances;

l. Failing to adopt practices, policies, and procedures designed specifically to prevent the injuries and damages sustained by Decedent and all others aboard the SEACOR POWER; and

m. Other negligent acts and/or omissions to be shown at the trial of this action.

15.

The incident described herein and resulting and resulting wrongful death of Decedent were proximately caused by the unseaworthiness of the SEACOR POWER when she departed from Port Fourchon on April 13, 2021, in the following non-exclusive particulars, each within the privity and knowledge of Limitation Complainants:

a. The vessel and all of its equipment and/or appurtenances were not safe for the performance of the operations in question;

b. The vessel and all of its equipment and/or appurtenances were not reasonably fit for its intended purpose;

c. The vessel and all of its equipment and/or appurtenances were inadequately maintained;

d. The vessel failed to have adequate life-saving equipment and/or appurtenances; and

e. Other unseaworthy conditions to be determined at a trial of this action.

16.

Limitation Claimant, as personal representative, is entitled to recover all damages due and owing to all beneficiaries, including funeral and burial expenses, loss of inheritance, loss of economic support, loss of services, nurture, instruction, and physical, intellectual, and moral training suffered by all minors that they would have received from Decedent but for his wrongful death caused by the actions, inactions, and/or omissions of Limitation Complainants stated herein, and all other pecuniary and non-pecuniary damages available under applicable law and equity.

17.

At all material times, Limitation Complainants had privity and knowledge of the negligence complained of herein and the unseaworthiness of the SEACOR POWER, which unseaworthiness existed when the SEACOR POWER departed Port Fourchon on April 13, 2021.

18.

Jurisdiction of all claims herein against Limitation Complainants is based upon 28 U.S.C. § 1333 and/or the general maritime law, and is brought pursuant to Federal Rule of Civil Procedure 9(h).

19.

This claim is being made under protest and without prejudice to Limitation Claimant's position that this limitation action is improper and should be dismissed.

20.

Limitation Claimant's damages will exceed the limitation fund.

WHEREFORE, Limitation Claimant Hannah Daspit, as the personal representative of Decedent Dylan Daspit, prays for dismissal of the Verified Complaint in Limitation with prejudice and for judgment against Limitation Complainants, Falcon Global Offshore II LLC, Seacor Marine LLC, and Seacor Liftboats LLC, and in her favor for compensatory damages in an amount reasonable under the circumstances of this cause, for costs and interest allowed by law on all amounts recovered and for all general and equitable relief to which the Limitation Claimant may be entitled under the facts and circumstances of this casualty.

Respectfully submitted,

/s/ *Paul M. Sterbcow*
PAUL M. STERBCOW (#17817) (T.A.)
CONRAD S.P. WILLIAMS, III (#14499)
DAVID A. ABRAMSON (#21435)
BETH E. ABRAMSON (#27350)
JESSICA L. IBERT (#33196)
IAN F. TAYLOR (#33408)
Lewis, Kullman, Sterbcow & Abramson, LLC
601 Poydras Street, Suite 2615
New Orleans, Louisiana 70130
Telephone: (504) 588-1500
Facsimile: (504) 588-1514
sterbcow@lksalaw.com
duke@lksalaw.com

abramson@lksalaw.com  
babramson@lksalaw.com  
jibert@lksalaw.com  
itaylor@lksalaw.com  
***ATTORNEYS FOR CLAIMANT***

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 11th day of June, 2021, electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all parties to this proceeding.

/s/ *Paul M. Sterbcow*