UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF FALCON GLOBAL | * | CIVIL ACTION NO.: 2:21-cv-01062 |
| OFFSHORE II LLC, AS OWNER, | * | |
| SEACOR MARINE LLC AS | * | JUDGE:  HON. JANE TRICHE MILAZZO |
| MANAGER/OPERATOR, AND SEACOR | * | |
| LIFTBOATS LLC, AS ALLEGED | * | |
| OWNER/OPERATOR OF THE | * | |
| SEACOR POWER | * | |
| PETITIONING FOR EXONERATION | * | |
| FROM OR LIMITATION OF LIABILITY | * | |
| | * | |

**************************************************************************

### ANSWER TO VERIFIED COMPLAINT IN LIMITATION
### AND CLAIM BY JAMES GRACIEN

COMES NOW Limitation Claimant, James Gracien ("Limitation Claimant"), a person of majority age residing in the State of Alabama, who answers the Verified Complaint in Limitation of Falcon Global Offshore II LLC, Seacor Marine LLC, and Seacor Liftboats LLC (collectively "Limitation Complainants") as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Limitation Complainants are not entitled to exoneration from or limitation of liability in these proceedings, since the unseaworthiness of the SEACOR POWER and the negligent conduct of Limitation Complainants occurred within the privity and knowledge of the Limitation Complainants, as the Limitation Complainants themselves were negligent in the ownership, management, operation and maintenance of the SEACOR POWER.

### THIRD DEFENSE

Limitation Claimant respectfully avers that the security posted herein is legally insufficient due

1

to its failure to include pending freight, insurance proceeds and other vessels within the fleet, the limitation fund is therefore inadequate, the value of Limitation Complainants' interest in the SEACOR POWER, her pending freight, insurance proceeds and fleet sister vessels is far greater than the security and ad interim stipulation, and the limitation fund should therefore be dismissed.

## FOURTH DEFENSE

Limitation Claimant specifically reserves his right pursuant to 46 U.S.C. § 30501 et seq., 46 U.S.C. § 30104, 28 U.S.C. § 1333 and/or the general maritime law to pursue his claims and causes of action in the pending action entitled *James Gracien v. Seacor Marine LLC, et al.*, Civil Action Number 2:21-cv-01100, filed on June 8, 2021, including his right to a trial by jury.  The filing of this Answer and Claim in no way constitutes a waiver of these rights or an agreement to join all issues in this proceeding.

## FIFTH DEFENSE

AND NOW, answering more particularly the allegations contained in the numbered paragraphs of the Complaint, Limitation Claimant avers as follows:

1.

Limitation Claimant admits the allegations contained in Paragraph 1 of the Complaint.

2.

Limitation Claimant admits the allegations contained in Paragraph 2 of the Complaint.

3.

Limitation Claimant admits the allegations contained in Paragraph 3 of the Complaint and further avers that Limitation Complainant Seacor Liftboats LLC should be dismissed from the concursus proceeding as it lacks standing to claim the benefits of 46 U.S.C. § 30501, et seq. as a non-vessel owner and/or operator.

4.

Limitation Claimant admits the allegations contained in Paragraph 4 of the Complaint.

5.

Limitation Claimant denies the allegations contained in Paragraph 5 of the Complaint.

6.

Limitation Claimant denies the allegations contained in Paragraph 6 of the Complaint due to lack of information to justify a reasonable belief therein.

7.

Limitation Claimant admits the allegations contained in Paragraph 7 of the Complaint.

8.

Based upon current information and belief, Limitation Claimant admits that the captain's "decision to depart the berth and proceed with the voyage was reasonable and prudent" given the limited information provided to him by Limitation Complainants on April 13, 2021.  Limitation Claimant denies the remaining allegations contained in Paragraph 8 of the Complaint as written.

9.

Limitation Claimant denies the allegations contained in Paragraph 9 of the Complaint.

10.

Limitation Claimant admits the allegations contained in Paragraph 10 of the Complaint.

11.

Limitation Claimant admits the allegations contained in Paragraph 11 of the Complaint.

12.

Limitation Claimant admits the allegations contained in Paragraph 12 of the Complaint.

13.

Limitation Claimant denies the allegations contained in Paragraph 13 of the Complaint due to lack of information to justify a reasonable belief therein.

14.

Limitation Claimant denies the allegations contained in Paragraph 14 of the Complaint due to lack of information to justify a reasonable belief therein.

15.

Limitation Claimant denies the allegations contained in Paragraph 15 of the Complaint due to lack of information to justify a reasonable belief therein.

16.

Limitation Claimant denies the allegations contained in Paragraph 16 of the Complaint due to lack of information to justify a reasonable belief therein.

17.

Limitation Claimant denies the allegations contained in Paragraph 17 of the Complaint.

18.

Limitation Claimant denies the allegations contained in Paragraph 18 of the Complaint.

19.

Limitation Claimant admits the allegations contained in Paragraph 19 of the Complaint.

20.

The prayer for relief does not require a response from Limitation Claimant, but to the extent one is required, Limitation Claimant denies the allegations contained therein.

## **CLAIM**

COMES NOW, Limitation Claimant, James Gracien, a person of majority age residing in the

State of Alabama, through undersigned counsel, and in accordance with the provisions of Supplemental Rule F(5) of the Federal Rules of Civil Procedure, avers on information and belief the facts upon which he relies in support of this claim in limitation:

1.

This claim is brought under the "Jones Act" (46 U.S.C. § 30104, et. seq.) and the general maritime law of the United States of America. This suit is necessary to collect a legal debt and damages due and owing Mr. Gracien due to the negligence of Limitation Complainants, and the negligence and unseaworthiness of the SEACOR POWER, all of which proximately caused serious injuries to Mr. Gracien on or about April 13, 2021, while working aboard the SEACOR POWER as it operated in the Gulf of Mexico off the coast of Louisiana.

2.

At all material times, including on or about April 13, 2021, Limitation Claimant, James Gracien, was employed by Limitation Complainant Seacor Marine LLC (hereinafter "Seacor Marine") as a Mate within the intendment of the Jones Act, 46 U.S.C. § 30104, *et. seq.*, for which job he earned approximately $611.00 per day, plus found and fringe benefits.

3.

On or about April 13, 2021, Seacor Marine assigned Limitation Claimant to work aboard the L/B SEACOR POWER, a lift boat in navigation owned and/or operated by Limitation Complainants at all material times.

4.

At all material times, the SEACOR POWER was operating under a time charter agreement by and between Limitation Complainants as owners/operators, and Talos Energy LLC (hereinafter "Talos") as time charterer.

5.

At all material times, Talos owned, operated and controlled all work on a stationary production platform located in the Gulf of Mexico.

6.

On or about April 13, 2021, the SEACOR POWER was in Port Fourchon, Louisiana for service, inspections and to take on supplies, equipment, and personnel for delivery to the Talos platform and use aboard said platform.

7.

On April 13, 2021, a strong weather front was moving into the area and weather conditions in the Gulf of Mexico were deteriorating in the voyage path of the SEACOR POWER.

8.

Despite the strong weather front and dangerous weather conditions in the Gulf of Mexico, the SEACOR POWER, at the direction and control of Limitation Complainants and time charterer Talos, left Port Fourchon, Louisiana at approximately 1:30 p.m., endangering the lives of all persons onboard the vessel.

9.

At the time the SEACOR POWER departed Port Fourchon, Louisiana, the National Weather Service had already issued a series of marine warnings for locations in southeast Louisiana, including Port Fourchon.  Limitation Complainants knowingly failed to properly communicate these warnings to the crew of the SEACOR POWER, and instead ordered the SEACOR POWER to leave Port Fourchon on the ill-fated voyage to the Talos platform in the Gulf of Mexico.

10.

As weather conditions continued to predictably and foreseeably deteriorate, with winds quickly increasing and seas becoming rougher, and despite heroic efforts of her captain and crew, the SEACOR POWER took on water on her starboard side and ultimately capsized at or around 4:30 p.m. on April 13, 2021.

11.

After being slammed into a wall while the vessel took on water and breaking a window with a fire extinguisher, Limitation Claimant James Gracien escaped from his living quarters aboard the capsized vessel.  He was washed into the Gulf of Mexico and drifted in rough and frigid waters for approximately three hours, during which time he became hypothermic, and his kidneys nearly shut down as his body systems fought to stay alive in the harrowing and life-threatening conditions.

12.

Limitation Claimant was fortuitously rescued by a passing vessel and transported to Terrebonne General Medical Center where he was admitted for five days to receive care and treatment.

13.

As a result of the incident described herein, through no fault of his own, Limitation Claimant suffered severe and permanently disabling injuries to his overall body, including but not limited to his internal organs, cervical and lumbar spines and connective nerves, muscles, and tissue, and psyche, for which injuries Limitation Claimant has sought and continues to require medical care and treatment, which includes surgical intervention.

14.

The incident described herein and resulting severe and permanently disabling injuries to

Limitation Claimant were proximately caused by the negligence and fault of Limitation Complainants in the following non-exclusive particulars, each within the privity and knowledge of Limitation Complainants:

a. Failing to use reasonable care under the circumstances;

b. Failing to adequately address the deteriorating and dangerous weather conditions in the area prior to instructing the SEACOR POWER to leave port;

c. Failing to follow the weather advisories and marine bulletins issued by the National Weather Service prior to instructing the SEACOR POWER to leave port;

d. Failing to provide proper and adequate equipment and information to the crew of the SEACOR POWER to properly perform their duties and/or properly navigate the vessel during the deteriorating weather conditions;

e. Failing to maintain the vessel and its appurtenances and/or equipment in a safe and reasonable state of repair;

f. Failing to take reasonable precautions for the safety of all aboard the SEACOR POWER;

g. Failing to adequately inspect and repair the SEACOR POWER before the final voyage despite knowledge of damage to the vessel sustained during the previous voyage;

h. Failing to perform adequate safety meetings and analyses to identify and minimize the unreasonable risk of harm to all aboard the SEACOR POWER;

i. Failing to provide Limitation Claimant with a reasonably safe and non-hazardous workplace;

j. Failing to properly assess the weather conditions prior to dispatching the SEACOR POWER from port;

k.  Failing to have an emergency rescue plan and/or adequate rescue appurtenances;

l.  Failing to adopt practices, policies, and procedures designed specifically to prevent the injuries and damages sustained by Limitation Claimant and all others aboard the SEACOR POWER; and

m.  Other negligent acts and/or omissions to be shown at the trial of this action.

15.

The incident described herein and resulting severe and permanently disabling injuries to Limitation Claimant were proximately caused by the unseaworthiness of the SEACOR POWER when she departed from Port Fourchon on April 13, 2021, in the following non-exclusive particulars, each within the privity and knowledge of Limitation Complainants:

a.  The vessel and all of its equipment and/or appurtenances were not safe for the performance of the operations in question;

b.  The vessel and all of its equipment and/or appurtenances were not reasonably fit for its intended purpose;

c.  The vessel and all of its equipment and/or appurtenances were inadequately maintained;

d.  The vessel failed to have adequate life-saving equipment and/or appurtenances; and

e.  Other unseaworthy conditions to be determined at a trial of this action.

16.

As a consequence of the events and occurrences described herein and the resulting severe, painful, permanent and disabling injuries, Limitation Claimant, James Gracien, is entitled to damages for past, present and future physical and emotional pain and suffering, permanent physical and mental disability, past and future medical expenses, loss of wages and wage-earning capacity, and lost found and fringe benefits in an amount to be determined in this cause.

9

17.

At all material times, Limitation Complainants had privity and knowledge of the negligence complained of herein and the unseaworthiness of the SEACOR POWER, which unseaworthiness existed when the SEACOR POWER departed Port Fourchon on April 13, 2021.

18.

Jurisdiction of all claims herein against Limitation Complainants is based upon the Jones Act, 46 U.S.C. § 30104, et seq. and/or general maritime law of the United States.

19.

This claim is being made under protest and without prejudice to Limitation Claimant's position that this limitation action is improper and should be dismissed.

20.

Limitation Claimant's damages will exceed the limitation fund.

WHEREFORE, Limitation Claimant James Gracien prays for dismissal of the Verified Complaint in Limitation with prejudice and for judgment against Limitation Complainants, Falcon Global Offshore II LLC, Seacor Marine LLC, and Seacor Liftboats LLC, and in his favor for compensatory damages in an amount reasonable under the circumstances of this cause, for costs and interest allowed by law on all amounts recovered and for all general and equitable relief to which the Limitation Claimant may be entitled under the facts and circumstances of this casualty.

Respectfully submitted,

/s/ *Paul M. Sterbcow*
PAUL M. STERBCOW (#17817) (T.A.)
CONRAD S.P. WILLIAMS, III (#14499)
DAVID A. ABRAMSON (#21435)
BETH E. ABRAMSON (#27350)
JESSICA L. IBERT (#33196)
IAN F. TAYLOR (#33408)
Lewis, Kullman, Sterbcow & Abramson, LLC

10

601 Poydras Street, Suite 2615
New Orleans, Louisiana 70130
Telephone: (504) 588-1500
Facsimile: (504) 588-1514
sterbcow@lksalaw.com
duke@lksalaw.com
abramson@lksalaw.com
babramson@lksalaw.com
jibert@lksalaw.com
itaylor@lksalaw.com
***ATTORNEYS FOR CLAIMANT***

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 11th day of June, 2021, electronically filed the

foregoing pleading with the Clerk of Court by using the CM/ECF system, which will send a notice

of electronic filing to all parties to this proceeding.

/s/ *Paul M. Sterbcow*