**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN THE MATTER OF FALCON GLOBAL OFFSHORE II LLC, AS OWNER, SEACOR MARINE LLC AS MANAGER/OPERATOR, AND SEACOR LIFTBOATS LLC, AS ALLEGED OWNER/OPERATOR OF THE SEACOR POWER PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | * * * * * * * * * * | **CIVIL ACTION NO.: 2:21-cv-01062**<br><br>**JUDGE: HON. JANE TRICHE MILAZZO** |

**************************************************************************************

**ANSWER TO VERIFIED COMPLAINT IN LIMITATION AND CLAIM BY YVETTE J. LEDET, IN HER OWN RIGHT AND IN HER CAPACITY AS THE LEGAL AND PERSONAL REPRESENTATIVE OF HER DECEASED HUSBAND, DAVID LEDET**

COMES NOW Limitation Claimant, Yvette J. Ledet, in her own right and in her capacity as the legal and personal representative of her deceased husband, David Ledet ("Limitation Claimant"), a person of majority age residing in the State of Louisiana, who answers the Verified Complaint in Limitation of Falcon Global Offshore II LLC, Seacor Marine LLC, and Seacor Liftboats LLC (collectively "Limitation Complainants") as follows:

**DEFENSES**

**FIRST DEFENSE**

The allegations of the Complaint in Limitation fail to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Limitation Complainants are not entitled to exoneration from or limitation of liability in these proceedings, since the unseaworthiness of the SEACOR POWER and the negligent conduct of Limitation Complainants occurred within the privity and knowledge of the Limitation Complainants,

as the Limitation Complainants themselves were negligent in the ownership, management, operational control and maintenance of the SEACOR POWER.

**THIRD DEFENSE**

The Limitation of Liability Act is not applicable in the instant case because at all times pertinent herein, the SEACOR POWER was known by the owner and/or owner *pro hac vice* thereof to be unseaworthy, and said condition or conditions of unseaworthiness existed at or before the commencement of the casualty voyage.

**FOURTH DEFENSE**

Limitation Claimant respectfully avers that the security posted herein is legally insufficient due to its failure to include pending freight, insurance proceeds, and other vessels within the fleet. The limitation fund is therefore inadequate, and the value of Limitation Complainants' interest in the SEACOR POWER, her pending freight, insurance proceeds, and fleet sister vessels is far greater than the security and ad interim stipulation, and as such, the limitation fund should be dismissed.

**FIFTH DEFENSE**

Limitation Claimant states that the proceeds of any judgment, award, or settlement which may be received by any of the Limitation Complainants from any third party in recompense of any losses or damages sustained herein to the property or interests of the Limitation Complainants as a result of the fault or alleged fault of said party, must be included in the limitation fund.

**SIXTH DEFENSE**

To the extent that Limitation Complainants' insurers attempt to avail themselves of the limitation/exoneration defense, Limitation Claimant asserts that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no *prima facie* case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

**SEVENTH DEFENSE**

The events culminating in the death of Captain Ledet were not a result of any negligence, fault, or want of due care on the part of Captain Ledet or those for whom he may be responsible.

**EIGTH DEFENSE**

Limitation Claimant further alleges that there was insurance coverage on the SEACOR POWER insuring Limitation Complainants in the event of an occurrence such as that which is the subject of Limitation Claimant's Claim, and the proceeds of said insurance policy should be included in this limitation proceeding, if and only in the event the Court determines these limitation proceedings are appropriate, which Limitation Claimant denies.

**NINTH DEFENSE**

Limitation Claimant specifically reserves her right pursuant to 46 U.S.C. § 30501 et seq., 46 U.S.C. § 30104, 28 U.S.C. § 1333 and/or the general maritime law to pursue her claims and causes of action in the pending action entitled *Ledet v. Seacor Marine LLC et al.*, Civil Action Number 2:21-cv-00854, filed on April 28, 2021, including her right to a trial by jury. The filing of this Answer and Claim in no way constitutes a waiver of these rights or an agreement to join all issues in this proceeding.

**TENTH DEFENSE**

Limitation Claimant reserves the right to contest and traverse Limitation Complainant's stipulation of value and adequacy of security posted.

**ELEVENTH DEFENSE**

Upon information and belief, and without waiving any defenses to Limitation Complainants' right to invoke the protections of the Limitation Act, Limitation Claimant alleges that other offending vessels owned, operated and/or controlled by Limitation Complainant were engaged in a common

enterprise and / or operating under a single unified operational or administrative chain of command, and thus the value of those vessels, including pending freight, should be included in the limitation fund.

**ANSWER**

AND NOW, with full reservation of all defenses hereinabove asserted, answering more particularly the allegations contained in the numbered paragraphs of the Complaint, Limitation Claimant avers as follows:

1.

Limitation Claimant admits the allegations contained in Paragraph 1 of the Complaint.

2.

Limitation Claimant admits the allegations contained in Paragraph 2 of the Complaint.

3.

Limitation Claimant admits the allegations contained in Paragraph 3 of the Complaint and further avers that Limitation Complainant Seacor Liftboats LLC should be dismissed from the concursus proceeding as it lacks standing to claim the benefits of 46 U.S.C. § 30501, et seq. as a non-vessel owner and/or operator.

4.

Limitation Claimant admits the allegations contained in Paragraph 4 of the Complaint.

5.

Limitation Claimant denies the allegations contained in Paragraph 5 of the Complaint.

6.

Limitation Claimant denies the allegations contained in Paragraph 6 of the Complaint due to lack of information to justify a reasonable belief therein.

7.

Limitation Claimant admits the allegations contained in Paragraph 7 of the Complaint.

8.

Limitation Claimant admits that the captain was both experienced and highly competent and acted reasonably and prudently when he departed the berth and proceeded with the voyage, and at all times material hereto, acted reasonably, competently, and appropriately given the limited information provided to him by Limitation Complainants on April 13, 2021. Limitation Claimant denies the remaining allegations contained in Paragraph 8 of the Complaint as written.

9.

Limitation Claimant denies the allegations contained in Paragraph 9 of the Complaint.

10.

Limitation Claimant admits the allegations contained in Paragraph 10 of the Complaint.

11.

Limitation Claimant admits the allegations contained in Paragraph 11 of the Complaint with respect to claims having been filed, or which likely will be filed, as a result of the accident in suit Limitation Claimant denies the remaining allegations contained in Paragraph 11 of the Complaint as written.

12.

Limitation Claimant admits the allegations contained in Paragraph 12 of the Complaint.

13.

Limitation Claimant denies the allegations contained in Paragraph 13 of the Complaint due to lack of information to justify a reasonable belief therein.

14.

Limitation Claimant denies the allegations contained in Paragraph 14 of the Complaint due to

lack of information to justify a reasonable belief therein.

15.

Limitation Claimant denies the allegations contained in Paragraph 15 of the Complaint due to lack of information to justify a reasonable belief therein.

16.

Limitation Claimant denies the allegations contained in Paragraph 16 of the Complaint due to lack of information to justify a reasonable belief therein.

17.

Limitation Claimant denies the allegations contained in Paragraph 17 of the Complaint.

18.

Limitation Claimant denies the allegations contained in Paragraph 18 of the Complaint.

19.

Limitation Claimant denies the allegations contained in Paragraph 19 of the Complaint, except to admit these claims are properly within the jurisdiction of this Honorable Court and the Federal Rules of Civil Procedure as described.

20.

The prayer for relief does not require a response from Limitation Claimant, but to the extent one is required, Limitation Claimant denies the allegations contained therein.

## CLAIM

COMES NOW, Limitation Claimant, Yvette J. Ledet, in her own right and in her capacity as the legal and personal representative of her deceased husband, David Ledet, a person of majority age residing in the State of Louisiana, through undersigned counsel, and in accordance with the provisions of Supplemental Rule F(5) of the Federal Rules of Civil Procedure, avers on information and belief the

facts upon which he relies in support of this claim in limitation:

1.

This claim is brought under the "Jones Act" (46 U.S.C. § 30104, et. seq.) and the general maritime law of the United States of America. This suit is necessary to collect a legal debt and damages due and owing Mrs. Ledet and the estate of Captain David Ledet, due to the negligence of Limitation Complainants, and the negligence and unseaworthiness of the SEACOR POWER, all of which proximately caused the death of Captain Ledet on or about April 13, 2021, while working aboard the SEACOR POWER as it operated in the Gulf of Mexico off the coast of Louisiana.

2.

Limitation Claimant incorporates by reference the Facts and Allegations (Paragraphs I – XX) contained in her April 28, 2021 Complaint for Damages (*Ledet v. Seacor Marine LLC et al*, Case No. 2:21-cv-00854, Rec. Doc. 1), as if same were fully set forth herein.

3.

At all material times, including on or about April 13, 2021, Limitation Claimant's deceased husband, David Ledet, was employed by Limitation Complainant Seacor Marine LLC (hereinafter "Seacor Marine") as a Captain within the intendment of the Jones Act, 46 U.S.C. § 30104, *et. seq.*, for which job he earned approximately $696.20 per day, plus found and fringe benefits.

4.

On or about April 13, 2021, Seacor Marine assigned Limitation Claimant's deceased husband to work aboard the L/B SEACOR POWER, a lift boat in navigation owned and/or operated by Limitation Complainants at all material times.

5.

At all material times, the SEACOR POWER was operating under a time charter agreement

by and between Limitation Complainants as owners/operators, and Talos Energy LLC (hereinafter "Talos") as time charterer.

6.

At all material times, Talos owned, operated, and controlled all work on a stationary production platform located in the Gulf of Mexico.

7.

On or about April 13, 2021, the SEACOR POWER was in Port Fourchon, Louisiana for service, inspections and to take on supplies, equipment, and personnel for delivery to the Talos platform and use aboard said platform.

8.

On April 13, 2021, a strong weather front was moving into the area and weather conditions in the Gulf of Mexico were deteriorating in the voyage path of the SEACOR POWER.

9.

Despite the strong weather front and dangerous weather conditions in the Gulf of Mexico, the SEACOR POWER, at the direction and control of Limitation Complainants and time charterer Talos, left Port Fourchon, Louisiana at approximately 1:30 p.m., endangering the lives of all persons onboard the vessel.

10.

At the time the SEACOR POWER departed Port Fourchon, Louisiana, the National Weather Service had already issued a series of marine warnings for locations in southeast Louisiana, including Port Fourchon. These warnings noted that boats could sustain damage or capsize, and urged vessels to return to safe harbor if possible. Limitation Complainants knowingly failed to properly communicate these warnings to the captain and crew of the SEACOR POWER, and instead ordered

the SEACOR POWER to leave Port Fourchon on the ill-fated voyage to the Talos platform in the Gulf of Mexico.

11.

As weather conditions continued to predictably and foreseeably deteriorate, with winds quickly increasing and seas becoming rougher, and despite heroic efforts of Captain Ledet and his crew, the SEACOR POWER took on water on her starboard side and ultimately capsized at or around 4:30 p.m. on April 13, 2021.

12.

As a direct result of the catastrophic incident described herein, and while attempting to help save the lives of his crew and other passengers aboard the vessel, Limitation Claimant's husband, David Ledet, was ultimately thrown into the sea, where he fought for his life, and eventually succumbed to death. His body, which showed signs of severe burns and other debilitating injuries, was found on April 14, 2021.

13.

The incident described herein and resulting death to Limitation Claimant's husband, Captain David Ledet, were solely and proximately caused by the negligence and fault of Limitation Complainants in the following non-exclusive particulars, each within the privity and knowledge of Limitation Complainants:

a. Failing to use reasonable care under the circumstances;

b. Failing to adequately address the deteriorating and dangerous weather conditions in the area prior to instructing the SEACOR POWER to leave port;

c. Failing to follow the weather advisories and marine bulletins issued by the National Weather Service prior to instructing the SEACOR POWER to leave port;

d. Failing to provide proper and adequate equipment and information to the captain and crew of the SEACOR POWER to properly perform their duties and/or properly navigate the vessel during the deteriorating weather conditions;

e. Failing to maintain the vessel and its appurtenances and/or equipment in a safe and reasonable state of repair;

f. Failing to take reasonable precautions for the safety of all aboard the SEACOR POWER;

g. Failing to adequately inspect and repair the SEACOR POWER before the final voyage despite knowledge of damage to the vessel sustained during the previous voyage;

h. Failing to perform adequate safety meetings and analyses to identify and minimize the unreasonable risk of harm to all aboard the SEACOR POWER;

i. Failing to provide Captain Ledet with a reasonably safe and non-hazardous workplace;

j. Failing to properly assess the weather conditions prior to dispatching the SEACOR POWER from port;

k. Failing to have an emergency rescue plan and/or adequate rescue appurtenances;

l. Failing to adopt practices, policies, and procedures designed specifically to prevent the injuries and damages sustained by Captain Ledet and all others aboard the SEACOR POWER; and

m. Other negligent acts and/or omissions as specifically addressed in Limitation Claimant's previously filed Complaint for Damages and/or to be shown at the trial of this action.

14.

The incident described herein and resulting death to Captain David Ledet, were proximately caused by the unseaworthiness of the SEACOR POWER when she departed from Port Fourchon on April 13, 2021, in the following non-exclusive particulars, each within the privity and knowledge of

Limitation Complainants:

a. The vessel and all of its equipment and/or appurtenances were not safe for the performance of the operations in question;

b. The vessel and all of its equipment and/or appurtenances were not reasonably fit for its intended purpose;

c. The vessel and all of its equipment and/or appurtenances were inadequately maintained;

d. The vessel failed to have adequate life-saving equipment and/or appurtenances; and

e. Other unseaworthy conditions as specifically addressed in Limitation Claimant's previously filed Complaint for Damages and/or to be determined at a trial of this action.

15.

As a consequence of the events and occurrences described herein and the resulting death of Captain Ledet, Limitation Claimant, Yvette J. Ledet, in her own right and in her capacity as the legal and personal representative of her deceased husband, David Ledet, is entitled to damages for past, present, and future physical and emotional pain and suffering, fear of impending doom and pre-death pain and suffering, past medical expenses, past maintenance, cure, and found, past and future lost wages and work benefits, loss of economic support, loss of enjoyment of life, loss of household services, loss of support, funeral and burial expenses, and other elements of damages as specifically addressed in Limitation Claimant's previously filed Complaint for Damages ,in an amount to be determined in this cause.

16.

At all material times, Limitation Complainants had privity and knowledge of the negligence complained of herein and the unseaworthiness of the SEACOR POWER, which unseaworthiness existed when the SEACOR POWER departed Port Fourchon on April 13, 2021.

17.

Jurisdiction of all claims herein against Limitation Complainants is based upon the Jones Act, 46 U.S.C. § 30104, et seq. and/or general maritime law of the United States.

18.

This claim is being made under protest and without prejudice to Limitation Claimant's position that this limitation action is improper and should be dismissed.

19.

Limitation Claimant's damages will exceed the limitation fund.

WHEREFORE, Limitation Claimant, Yvette J. Ledet, in her own right and in her capacity as the legal and personal representative of her deceased husband, David Ledet, prays for dismissal of the Verified Complaint in Limitation with prejudice and for judgment against Limitation Complainants, Falcon Global Offshore II LLC, Seacor Marine LLC, and Seacor Liftboats LLC, and in her favor for compensatory damages in an amount reasonable under the circumstances of this cause, for costs and interest allowed by law on all amounts recovered, and for all general and equitable relief to which the Limitation Claimant may be entitled under the facts and circumstances of this casualty.

Respectfully submitted,

*/s/ Hugh P. Lambert*

Hugh P. Lambert (La. Bar #7933)
J. Christopher Zainey, Jr. (La. Bar #32022)
Jacki L. Smith (La. Bar #34769)
Brian J. Mersman (La. Bar #38624)
THE LAMBERT FIRM, PLC
701 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-1750
Facsimile: (504) 529-2931
hlambert@thelambertfirm.com
czainey@thelambertfirm.com
jsmith@thelambertfirm.com
bmersman@thelambertfirm.com

*/s/ George J. Ledet, Jr.*
George J. Ledet, Jr. (La. Bar #8255)
George J. Ledet, Jr. Attorney at Law
406 West 3rd Street, Suite 103
Thibodaux, Louisiana 70301
Telephone: (985) 209-4234
george@georgeledetlaw.com

***ATTORNEYS FOR CLAIMANT***

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 14th day of June, 2021, electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all parties to this proceeding.

/s/ *Hugh P. Lambert*
**HUGH P. LAMBERT**