UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF FALCON GLOBAL OFFSHORE II LLC, AS OWNER, SEACOR MARINE LLC AS MANAGER/OPERATOR, AND SEACOR LIFTBOATS LLC, AS ALLEGED OWNER/OPERATOR OF THE SEACOR POWER PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.  21-1062<br><br>SECTION: "H" (1)<br><br>JUDGE MILAZZO<br><br>MAGISTRATE JUDGE: VAN MEERVELD |

**AGREED INITIAL VESSEL INSPECTION PROTOCOL ORDER**

Considering the Joint Motion for Entry of Initial Vessel Inspection Protocol Order filed by Limitation Petitioners Falcon Global Offshore II LLC, SEACOR Marine LLC and SEACOR Liftboats LLC (collectively "SEACOR" or "Petitioners") and the present and anticipated Claimants in Limitation ("Claimants"), acting by and through Lead Liaison Counsel appointed by this Court relative to the inspection of the wreck of the SEACOR POWER (the "Vessel"), after it is delivered by the salvors to the facility of Modern American Recycling Services ("MARS") in Houma, Louisiana, **IT IS HEREBY ORDERED AND DECREED**:

The Court has been advised that the wreck of SEACOR POWER will be delivered to MARS in at least three separate sections over a period of days or weeks, beginning on or about July 6 or 7 in the absence of unanticipated problems or bad weather.  This order applies to each section as and when it is delivered to MARS.

Entry into the MARS facility or the Vessel is strictly prohibited except as authorized by this Order, as it may be amended from time to time.  This prohibition applies not only to the parties to the litigation but also to the general public as well.

1

The Court has further been advised that pending agreement of the parties or the further Orders of this Court, security at MARS will be provided by the Terrebonne Parish Sheriff's Office ("TPSO") at the expense of Petitioners. The TPSO has agreed to provide law enforcement personnel on site on a continual basis in order to prevent unauthorized entry into the MARS facility or the Vessel.

Inspections of the wreck will proceed in phases.

**Phase One**. After the wreck is secured in place and otherwise made as accessible as practical under the circumstances by SEACOR and MARS personnel, trained firefighters from Terrebonne Parish will enter the wreck under the supervision of the TPSO to search for the remains, if any, of anyone who was on the Vessel at the time it capsized. The TPSO which will engage with the Terrebonne Parish Coroner so that appropriate action can be taken immediately in the event remains are found. During the time this search is taking place, or until all those who remain missing have been accounted for, any other access to the Vessel is prohibited except that which is necessary by MARS or SEACOR personnel to render the wreck accessible. No portion of the wreck or its equipment will be removed from the Vessel except that which may be necessary to provide access.

**Phase Two.** After Phase One is completed under the auspices of the TPSO, the National Transportation Safety Board (NTSB) has informed Petitioners that it desires to have exclusive access to the wreck for an estimated three to four additional days so it can continue its investigation. During the time the NTSB requires to conclude its inspection, the TPSO will continue to provide security at Petitioners' expense, and access to MARS and the Vessel will continue to be limited in the same way that it was in Phase One.

**Phase Three**. Upon the completion of Phases One and Two, then on terms to be mutually agreed between Petitioners and Liaison Counsel or, in the absence of agreement, as ordered by the Court, the wreck will be made available to designated attorneys and experts representing any party to the litigation, including those who have yet to file formal claims but who have retained counsel. Due to its inherently unsafe condition, Petitioners submit that admittance into the interior of the wreck should not be allowed. On behalf of the Claimants, Liaison Counsel defer taking a position on inspection of the wreckage interior pending independent assessment of the safety risks posed by said inspection viewed in conjunction with the benefits of an initial comprehensive vessel inspection by Claimants' experts. In any case, external areas will be fully available. The time of any inspection will be agreed by counsel. During this time, Petitioners will continue to pay for security services provided by the TPSO.

In addition to the foregoing, the Claimants, acting through Liaison Counsel, may designate a representative to be in attendance at MARS from the time the first section of the wreck arrives at MARS until all litigation-related inspections are completed or the Court orders otherwise. The conditions of this are: (i) during Phases One and Two, there is only one claimants' representative on site at any one time; (ii) the representative will be identified in advance, will agree in writing to abide by rules established by MARS, the TPSO, the NTSB or by Petitioners and will not attempt to board the wreck without prior written approval; (iii) no interviews of SEACOR personnel or any other potential witness will be conducted at the MARS facility; and (iv) no pictures or videos of the MARS facility or of the wreck or of any remains that may be found on the wreck are to be taken during the time the TPSO or the NTSB are carrying out the activities described in Phase One and Phase Two above. In addition to personnel needed to participate in making the Vessel accessible to the extent possible, Petitioners may also have a representative or representatives in

attendance at MARS from the time the first section of the wreck arrives until all litigation-related inspections are completed or the Court orders otherwise.

Nothing is to be removed from the Vessel and no destructive testing is to be performed without the prior written consent of the Petitioners or the order of this Court.

Petitioners will cause a Visitors Log, in a form to be agreed between the parties, to be maintained until inspections of the Vessel are completed and will produce a copy of the log to Liaison counsel on a weekly basis.

Nothing in this Order is to be construed as limiting or restricting access to the MARS facility by employees of MARS or its customers who are engaged in work unrelated to the SEACOR POWER.

New Orleans, Louisiana, this __8th__ day of July, 2021.

_____
UNITED STATES DISTRICT JUDGE