UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF FALCON | * | CIVIL ACTION NO.:  2:21-cv-01062 |
| GLOBAL OFFSHORE II LLC, AS | * | |
| OWNER, SEACOR MARINE LLC AS | * | SECTION:  H(1) |
| MANAGER/OPERATOR, AND | * | |
| SEACOR LIFTBOATS LLC, AS | * | JUDGE JANE TRICHE MILAZZO |
| ALLEGED OWNER/OPERATOR OF | * | |
| THE SEACOR POWER PETITIONING | * | MAGISTRATE JUDGE JANIS VAN |
| FOR EXONERATION FROM OR | * | MEERVELD |
| LIMITATION OF LIABILITY | * | |

**************************************************************************

## COMMON BENEFIT ORDER

**IT IS ORDERED** that the Court adopts the following Common Benefit Order for the administration of a common benefit fund in this matter.

### Plaintiffs' Counsel's Time Submissions

Reimbursement for common benefit fees for services of all plaintiffs' counsel performing actions in accordance with this order will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing. The following standards and procedures are to be utilized by any counsel seeking fees for common benefit time.

I.   General Standards

(1)   All time submitted must be incurred only for work authorized in advance confirmed in writing by the Plaintiffs' Co-Liaison Counsel or a member of the Executive Committee.

(2)   These Time Guidelines are intended for all activities performed by counsel that relate to matters common to all claimants in Case No. 2:21-cv-01062. Further, any claimants' counsel that may, at a later date, seek compensation for common benefit time shall comply with these guidelines and any submission by such counsel shall be in accordance with this Case Management Order.

(3)   The Court has appointed Kenneth W. DeJean (KWD) as Special Master for the management, oversight, and substantive review, including *ex parte* communications with counsel and the Court, of matters related to work performed toward the common benefit of all claimants. KWD will be assisting in compiling submissions and will provide reports to Plaintiff's Co-Liaison Counsel, not to be shared with other counsel, who shall submit them to the Court on a monthly basis. These reports will include time and will summarize the submissions of all firms. Submission of time records to KWD and the Court shall be considered confidential as if submitted under seal.

1

(4)    Plaintiffs' Liaison Counsel has established, on behalf of all claimants, a bank account at Hancock Whitney Bank for the collection and payment of Shared Costs as defined herein, as well as any other such functions as may be necessary and appropriate. Any and all such bank statements shall be provided to, and reviewed by, KWD, on behalf of the claimants.

(5)    Time submissions must be submitted timely, on a monthly basis, to KWD electronically at the website set up to handle time/billing submissions. It is essential that each firm, on a monthly basis, timely submits its records for the preceding month. All submissions shall be certified by a senior partner in each firm attesting to the accuracy and correctness of the submission.

(6)    The first submission is due on November 15, 2021, and should include all time through October 31, 2021. Thereafter, commencing on December 15, 2021,  time records shall be submitted on the 15th of each month, and shall cover the time period through the end of the preceding month. A request for extension past the due date must be approved in writing by Co-Liaison Counsel or by the Special Master. Any time records submitted more than thirty (30) days in arrears may not be considered or included in any compilation of time calculation and shall be disallowed, except for good cause shown and with Court approval.

II.    <u>Time Reporting</u>

(1)    Only time spent on matters common to all claimants in Case No. 2:21-cv-01062 will be considered in determining fees. <u>No time spent on developing or processing any case for an individual client (claimant) will be considered or should be submitted</u>.

(2)    Referring attorneys who are either not admitted to practice in the Eastern District of Louisiana or are not counsel of record in Case No. 2:21-cv-01062 may not submit time records or seek a fee herein.

(3)    No more than three (3) attorneys representing a claimant may submit time records or seek a fee absent authorization from the Special Master or, if denied, from the Court based on good cause shown. Any firm wishing to have more than three (3) attorneys billing for common benefit time must be pre-approved and confirmed in writing by Co-Liaison Counsel or a member of the Executive Committee.

(4)    Time and costs spent in Continuing Legal Education (CLE) or other educational activities do not qualify as common benefit and may not be submitted.

(5)    All time must be accurately and contemporaneously maintained. Time shall be kept according to these guidelines and specifically in accordance with the Litigation Task Definitions as outlined in **Exhibit "A"**. All counsel shall keep a daily record of their time spent in connection with this litigation, indicating with specificity the hours, location, and particular activity (such as "conduct of deposition of A.B."). The failure to maintain such records, as well as insufficient description of the activity, may result in a forfeiture of fees.

(6)    All time for each firm shall be maintained in quarter-of-an-hour (0.25) increments. Law Firms shall make a single, timely monthly time submission

containing all individual timekeepers for the subject month and not file separately
for individual timekeepers ad seriatim at different times. Failure to do so may
result in time being disallowed.

    (7)    All time records shall be submitted to KWD, either electronically or manually
consistent with the sample time sheet attached hereto as Exhibit "A".

III.    <u>Time & Expense Limitations</u>

    (1)  <u>Common benefit time for depositions is limited to preparation for and participation in
a deposition</u>

    (2)  <u>Common benefit time for Court appearances is limited to preparation for and
participation in a Court appearance i.e. trial, motion hearings, etc.</u>

    (3)  <u>Court-mandated appearances qualify as common benefit time.</u>

IV.    <u>Expense Reporting</u>

    (1)    Advanced costs will be deemed as either "Shared" or "Held" and shall be submitted
within the quarter incurred.

        a.    Shared Costs are costs that will be paid out of the common expense account
referenced in Section I (4) funded by a $10,000 per claimant assessment. If
additional funding is necessary, Co-Liaison Counsel will notify claimant's
counsel and the Special Master and request an equal sum certain from each
claimant. Any claimant who does not contribute timely to the common
expense fund is not eligible for a common benefit for time in lapsed funding
period.

        b.    Held costs are those that will be carried by each attorney in Case No. 2:21-cv-
01062 .

    (2)    Submissions of expenses are not to be shared amongst participating counsel or
third parties and are to be kept strictly confidential.

V.    <u>Shared Costs</u>

    (1)    Shared Costs are costs incurred for the common benefit of the claimants as a whole
and will be paid from the common benefit fund/account. No individual client-
related costs can be considered as Shared Costs. All costs of a substantial nature
that meet these requirements and fall under the following categories shall be
considered Shared Costs and qualify to be submitted and paid directly from the
common expense account. All Shared Costs must be approved by Plaintiffs' Co-
Liaison Counsel prior to being incurred and prior to payment. Shared Costs may
include:

        a.    Court, filing, and service costs
        b.    Deposition and court reporter costs
        c.    Document Depository: creation, operation, staffing, equipment, and
administration

d.    Plaintiffs' Co-Liaison Counsel administrative matters (e.g., expenses for equipment, technology, courier services, long distance, conference calls, telecopier, electronic
service, postage, meeting expenses, travel for administrative matters, photocopy and printing, secretarial/temporary staff, etc.)
e.    Group administration matters such as meetings and conference calls
f.    Legal and accountant fees
g.    Expert witness and consultant fees and expenses
h.    Printing, copying, coding, shipping, and scanning (both in and out of house or extraordinary firm cost)
i.    Research by outside third party vendors/consultants/attorneys
j.    Common witness expenses including travel
k.    Translation costs
l.    Bank or financial institution charges
m.   Investigative services
n.    Special Master charges.

(2)    Request for payments should include sufficient information to allow Plaintiffs' Co-Liaison Counsel and the Special Master to account properly for costs and to provide adequate detail to the Court. All requests shall be subject to review and approval by Plaintiffs' Co-Liaison Counsel.

VI.    <u>Held Costs</u>

(1)    Held Costs are costs incurred for the global benefit of all claimants. Held costs are those that do not fall into the above Shared Costs categories but are incurred for the benefit of all claimants in general. No specific client-related costs can be considered as Held Costs. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Held Costs and qualify to be submitted for consideration by the Special Master and the Court for future reimbursement.

I.     Postage, shipping, courier, and certified mail
II.    Printing and photocopying (in-house)
III.   Computerized research - Lexis/Westlaw
IV.   Telephone - long distance (actual charges only)
V.    Travel - pursuant to Travel Limitations set forth below, including travel for attorney to attend depositions, court, or legislative matters.
    A.    Airfare
    B.    Reasonable ground transportation
    C.    Hotel
    D.    Reasonable meals and entertainment
    E.    Reasonable other (parking)
    F.    Car rental, cabs, etc.
    G.    Secretarial and clerical overtime

(2)    Travel Limitations

Except in extraordinary circumstances approved by Plaintiffs' Liaison Counsel or the Special Master, all travel reimbursements are subject to the following limitations:

(a) <u>Airfare</u>. Only the lowest price available business class airfare at time of booking (either at restricted business class rates which allow the reservation to be rebooked without surcharge and other agency fees) for a reasonable itinerary will be reimbursed. Notwithstanding the foregoing, first class airfare shall be allowed for cross-country flights that are in excess of four hours non-stop flight time or international flights. Airfare expense submissions must be supported by invoice or receipt for airfare that shows class of airfare purchased, name of traveler, and destination. If an invoice or receipt is not available, a canceled check or credit card statement may be submitted stating that the expense was for business class airfare, within the limitations of this Case Management Order and that the trip was for common benefit. If first class is flown and only business class fare is reimbursable, proof of the applicable business class fare shall be provided.

(b) <u>Hotel</u>. Hotel room charges will be reimbursed up to the greater of (a) $300 per night excluding taxes, or (b) the average available room rate of the Hyatt, Hilton, and Marriott hotels (or comparable) in that city. Hotel expense submissions must be supported by a hotel issued receipt. If a receipt is not available, a credit card statement or canceled check may be submitted provided it is accompanied by an Affidavit that states that the expense was incurred for travel related to common benefit and within the limitations of this Case Management Order.

(c) <u>Meals</u>. Meal expenses must be reasonable. Meal expense submissions must be supported by itemized receipts or credit card statements that reflect the purpose of and the date incurred and those partaking in the meal. Alcohol expenses will not be reimbursed. If a credit card statement is attached in support of a meal expense submission, the submission must also include a written statement that no alcohol charges are included.

(d) <u>Cash Expenses</u>. Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized and is supported by a written statement of the person incurring the expense.

(e) <u>Rental Automobiles</u>. Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed. Rental automobile expense submissions must be supported by receipts or credit card statements. Such rentals shall be limited for purposes of traveling to or from meetings, hotel, court appearances, and airport. The use of hired limousines must be supported in writing by the person incurring the expense and its purpose.

(f) <u>Mileage</u>. Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, the rate per mile paid by the member's firm, and the purpose of the expense. The maximum allowable

rate will be the maximum rate allowed by the IRS (currently 36 cents per mile).

    (g) <u>Parking</u>. Shall be limited to actual documented costs and a statement as to the purpose.

(3)    Non-Travel Limitations

The following apply:

    (1) <u>Long Distance and Cellular Telephone</u>: General subscription or monthly lease costs associated with long-distance services and cellular phones are not reimbursable. Long distance and cellular telephone charges for specific case related calls must be documented. Copies of the telephone bills must be submitted with notations as to which charges relate to this litigation and the purpose.

    (2) <u>Shipping, Courier, and Delivery Charges</u>: All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package and purpose.

    (3) <u>Postage Charges</u>: A contemporaneous postage log or other supporting documentation must be maintained and submitted. Postage charges are to be reported at actual cost and purpose.

    (4) <u>In-House Photocopy</u>: A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is 25¢ per page.

    (5) <u>Paralegal and Clerical Time</u>: An itemized description of the task and time spent must be submitted for paralegal and clerical time. All such time must be pre-approved before submission.

    (6) <u>Computerized Research - Lexis/Westlaw</u>: Claims for Lexis, Westlaw, and other computerized legal research expenses should include the name of the person, the subject or purpose of the research and the exact amount charged to the firm for these research services. All such computerized legal research must be pre-approved before submission.

**<u>Procedures To Be Established by Plaintiffs' Liaison Counsel</u>**

Plaintiffs' Co-Liaison Counsel may establish forms and procedures to implement and carry out the time and expense submissions required by the Court and necessary to compile and maintain the records. These forms shall be made available by Plaintiff's Co-Liaison Counsel or from the Court's website.

Questions regarding the guidelines or procedures or the completion of any forms should be directed to Plaintiffs' Co-Liaison Counsel, Paul Sterbcow, Lewis, Kullman, Sterbcow and Abramson, LLC, 601 Poydras Street, Suite 2615, New Orleans, Louisiana 70130, Telephone: (504) 588-1500, Facsimile: (504) 588-1514, Email: sterbcow@lksalaw.com; Hugh Lambert, The Lambert Firm, 701 Magazine Street, New Orleans, Louisiana 70130, Telephone: (504) 581-1750, Facsimile: (504) 529-2931, Email: hlambert@thelambertfirm.com; and Special Master Kenneth W. DeJean, Law Office of Kenneth W. DeJean,

417 W. University Avenue, Lafayette, Louisiana, 70506, Telephone: (337) 235-5294, Facsimile: (337) 235-1095, Email: kwdejean@kwdejean.com.

The Court specifically retains jurisdiction and full decision-making authority to determine what will be allowed as common benefit time and expense.

New Orleans, Louisiana, this 18th day of October, 2021.

**THE HONORABLE JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

Exhibit "A"

**SAMPLE TIME SHEET**
**IN THE MATTER OF FALCON GLOBAL OFFSHORE II LLC, AS OWNER, SEACOR**
**MARINE LLC AS MANAGER/OPERATOR, AND SEACOR LIFTBOATS LLC, AS**
**ALLEGED OWNER/OPERATOR OF THE SEACOR POWER PETITIONING FOR**
**EXONERATION FROM OR LIMITATION OF LIABILITY**

# TASK CODES

**Legal Research, Law and Briefing, and Court Filings**

L110- Legal Research/Memoranda

L120 - Committee Discussions/
Recommendations

L130 - Formulation/Drafting of
All Pleadings

L140 - Preparation/Participation
in Oral Argument

**Written Discovery and ESI**

L210 - Formulation/Drafting
of Written Discovery

L220 - Reviewing/Organizing/
Categorizing Discovery
Responses Received

L230 - Organizing Document
Database

L240 - Drafting Responses to
Defendant's Written
Discovery

**Depositions**

L310 - Coordinating Depositions
with all Committees

L320 - Coordinating with
Written Discovery Team

L330 - Preparation for Depositions
Including Outlines and
Documents Submitted to
Co-Liaison Counsel and
the Executive Committee
Lead 72 Hours in Advance

L340 - Preparation of Deposition
Summary Prepared by the
Attorney who took the
Deposition

**Experts**

L410 - Selection of Common Benefit Experts/
Consulting and/or Testifying Common
Benefit Experts

L420 - Management and Supervision of all
Common Benefit Experts

L430 - Coordinating Common Benefit Experts
Regarding Vessel Inspection

L440 - Coordinating Common Benefit Experts
Preparation/Documents/Testimony

L450 - Compliance with All Common Benefit
Expert and Reporting Deadlines

**Communication and Community Outreach**

L510 - Coordination of Public
Relations/Media

L520 - Monitor and Accumulate
Publicly Disseminated Case
Information to be Available
to Claimant's Counsel

L530 - Coordinating Vessel
Inspection

**Case Administration and Organization**

L610 - Strategy

L620 - Analysis

-----------------------------------------------------

## Attorney/Paralegal:
### *Time shall be recorded in increments of 0.25 hours (.25 hr min.)*

| Date | Task Code | Authorized By | TIME | DESCRIPTION OF SERVICES |
|------|-----------|---------------|------|-------------------------|
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |
|      |           |               |      |                         |

*Case No. 2:21-cv-01062*
*SHARED EXPENSE*

**CHECK REQUEST**

| | | |
|---|---|---|
| *1.* | *Date:* | |
| *2.* | *I am requesting a check from:* | Co-Liaison Counsel, Paul Sterbcow and/or Hugh Lambert |
| *3.* | *Payable To:* (Name & Address) | |
| *4.* | *Social Security # or TIN # of the payee:* | |
| *5.* | *Invoice No.:* | |
| *6.* | *Date check needed (check one):* | Now        30 Days         60 Days         90 Days         Other |
| *0.* | *Purpose of Check:* | *If associated with specific "common benefit case", please identify case:* |
| *7.* | *Amount of Check:* | |
| *19.* | *Documentation¹* | Yes:                                           No: |
| *10.* | *Send Check To (check one):* | Requestor                OR          Payee |
| *11.* | *Requesting Attorney's Signature²* | |

Allocation of costs;

Court Filing Fees

Deposition/Court Reporter

Document Depository

PLC (administration) PSC

Group Administration

Legal & Accounting Fees

Expert Witness/Consultant

Printing, Copying & Scanning (Bulk or 3ʳᵈ Party)

Research(3ʳᵈ Party)

_____ **TOTAL**

**Liaison Counsel ACCO/Intill2 Use Only:**
Check # _____
Approved by **Plaintiff Liaison Counsel:** _____ **Date**_____

1  Documentation must be provided with check request.
2  By signing this request, you certify that the expense request is properly documented, complete and accurate and is being incurred for the common benefit.


_____            _____Common Witness Expense

_____            _____ Translation Costs

_____            _____ Bank or Financial Institution Charges

_____            _____ Investigative Services

_____            _____Claims Administrator Charges

_____            _____Special Master Charges

_____            _____Other