UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF FALCON | § | CIVIL ACTION 2:21-CV-01062 |
| GLOBAL OFFSHORE II, AS OWNER, | § | |
| SEACOR MARINE LLC AS | § | SECTION: H (1) |
| MANAGER/OPERATOR, AND SEACOR | § | |
| LIFTBOATS LLC, AS ALLEGED | § | |
| OWNER/OPERATOR OF THE SEACOR | § | JUDGE JANE TICHE MILAZZO |
| POWER PETITIONING FOR | § | |
| EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | MAGISTRATE JANIS VAN MEERVELD |

**THIRD-PARTY DEFENDANT FUGRO USA MARINE INC.'S AMENDED ANSWER
TO THIRD-PARTY PLAINTIFF TALOS ENERGY LLC'S
<u>FIRST AMENDED THIRD-PARTY COMPLAINT</u>**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE JANE TICHE
MILAZZO:

COMES NOW, Third-Party Defendant Fugro USA Marine Inc. ("Fugro"), and files its

amended answer to the First Amended Third Party Complaint of Talos Energy LLC [Dkt. No.

343] (the "Amended TPC") filed by Third-Party Plaintiff Talos Energy LLC ("Talos"), pursuant

to Federal Rules of Civil Procedure 8, and would show the Court as follows:

**ANSWER**

1.      As to the allegations set forth in Paragraph I of the Amended TPC, Fugro admits

only that this Court has subject matter jurisdiction over this action in order to determine Fugro's

contractual defense and indemnity obligations, if any, owed to Talos under the "Talos Energy

LLC Master Service Contract" entered into between Fugro and Talos on or about August 22,

2013 (the "MSA"), as it pertains to two underlying wrongful death actions pending in Texas state

court (the "Tort Actions").  Fugro otherwise denies the allegations set forth in Paragraph I of the

Amended TPC.

2.      As to the allegations set forth in Paragraph II of the Amended TPC, Fugro admits

only that venue is proper in this Court as to the matters currently in dispute between it and Talos.

Fugro otherwise denies the allegations set forth in Paragraph II of the Amended TPC.

3.      As to the allegations set forth in Paragraph III of the Amended TPC, Fugro is

without personal knowledge or sufficient information to admit or deny said allegations;

therefore, Fugro denies same.

4.      As to the allegations set forth in Paragraph IV of the Amended TPC, Fugro admits

same.

5.      As to the allegations set forth in Paragraph V of the Amended TPC, Fugro admits

only that Fugro USA was and is the surviving corporation of the December 31, 2016 merger of

Fugro USA and Fugro Chance, Inc.  The remaining allegations set forth in Paragraph V of the

Amended TPC constitute legal conclusions and questions of law to be determined by the Court,

and therefore require no response from Fugro.  To the extent required, Fugro denies the same.

6.      As to the allegations set forth in Paragraph VI of the Amended TPC, Fugro admits

only that Fugro USA was and is the surviving corporation of the June 30, 2020 merger of Fugro

USA and Fugro Geoservices Inc.  The remaining allegations set forth in Paragraph VI of the

Amended TPC constitute legal conclusions and questions of law to be determined by the Court,

and therefore require no response from Fugro.  To the extent required, Fugro denies the same.

7.      As to the allegations set forth in the first two sentences of Paragraph VII of the

Amended TPC, Fugro avers that the Master Service Agreement, SEMS Bridging Agreement, and

the letters dated December 2, 2016 and January 13, 2017 are the best evidence of their contents.

To the extent that the allegations set forth in the first two sentences of Paragraph VII of the

Amended TPC paraphrase, summarize, or otherwise misrepresent the contents of the referenced

documents, the same are denied.  The remaining allegations of Paragraph VII of the Amended TPC constitute legal conclusions and questions of law to be determined by the Court, and therefore require no response from Fugro.  To the extent required, Fugro denies the same.

8.      As to the allegations set forth in Paragraph VIII of the Amended TPC, Fugro admits only that Talos contracted with Fugro USA to provide surveyors at Talos's request to assist in the position, repositioning, or "work-over" of the offshore drilling platform in question (MP 138G).  As to the remaining allegations set forth in Paragraph VIII of the Amended TPC, Fugro is without personal knowledge or sufficient information to admit or deny said allegations; therefore, Fugro denies same.

9.      As to the allegations set forth in Paragraph IX of the Amended TPC, Fugro admits only that Fugro dispatched surveyors to the Gulf of Mexico at Talos's request to assist in the position, repositioning, or "work-over" of the offshore drilling platform in question (MP 138G).  As to the remaining allegations set forth in Paragraph IX of the Amended TPC, Fugro is without personal knowledge or sufficient information to admit or deny said allegations; therefore, Fugro denies same.

10.     As to the allegations set forth in Paragraph X of the Amended TPC, Fugro is without personal knowledge or sufficient information to admit or deny said allegations; therefore, Fugro denies same..

11.     As to the allegations set forth in Paragraph XI of the Amended TPC, these constitute legal conclusions and questions of law to be determined by the Court, and therefore require no response from Fugro.  To the extent required, Fugro denies same.

12.     As to the allegations set forth in Paragraph XII of the Amended TPC, Fugro is without personal knowledge or sufficient information to admit or deny said allegations; therefore, Fugro denies same.

13.     As to the allegations set forth in Paragraph XIII of the Amended TPC, Fugro admits only that (a) the work or services that Fugro was to provide Talos in connection with MP 138G was to occur over the Outer Continental Shelf ("OCS") near the Louisiana coast, (b) the vessel in question capsized and partially sank in route to MP138G over the OCS, and (c) Messrs. Krell and Pitre died over the seafloor of the OCS; otherwise, Fugro denies same.

14.     As to the allegations set forth in Paragraph XIV of the Amended TPC, Fugro admits only that certain demands have been made on it for contractual defense and indemnity as it pertains to the deaths of Messrs. Krill and Pitre; otherwise, Fugro denies same.

15.     As to the allegations set forth in Paragraph XV of the Amended TPC, no response is required by Fugro.

16.     As to the allegations set forth in Paragraph XV(A)(i) of the Amended TPC, no response is required by Fugro.  To the extent necessary, Fugro denies it owes defense and indemnity to Talos, or the Seacor Parties, in relation to the litigation brought by Pitre and Krell.

17.     As to the allegations set forth in Paragraph XV(A)(ii) of the Amended TPC, no response is required by Fugro.  To the extent necessary, Fugro denies it owes defense and indemnity to Talos, or the Seacor Parties, in relation to the litigation brought by Pitre and Krell.

18.     As to the allegations set forth in Paragraph XV(A)(iii) of the Amended TPC, no response is required by Fugro.  To the extent necessary, Fugro denies it owes defense and indemnity to Talos, or the Seacor Parties, in relation to the litigation brought by Pitre and Krell.

19.     As to the allegations set forth in Paragraph XV(B)(i) of the Amended TPC, no response is required by Fugro.   Otherwise, Fugro denies the allegations set forth in said paragraph.

20.     As to the allegations set forth in Paragraph XV(B)(ii) of the Amended TPC, no response is required by Fugro.   Otherwise, Fugro denies the allegations set forth in said paragraph.

21.     As to the allegations set forth in Paragraph XV(B)(iii) of the Amended TPC, no response is required by Fugro.   Otherwise, Fugro denies the allegations set forth in said paragraph.

20.     As to the unsupported conclusions and allegations set forth in Paragraph XVI of the Amended TPC, no response is required by Fugro.   To the extent necessary, Fugro denies same.

21.     As to the allegations set forth in Paragraph XVII of the Amended TPC, Fugro only admits Talos's quotation of portions of the MSA in Paragraph XVII of the Amended TPC is substantially accurate; however, the original document is the best evidence of said content. Otherwise, Fugro denies the allegations set forth in said paragraph.

22.     As to the allegations set forth in Paragraph XVIII of the Amended TPC, Fugro only admits Talos's quotation of portions of the MSA in Paragraph XVIII of the Amended TPC is substantially accurate; however, the original document is the best evidence of its content. Otherwise, Fugro denies the allegations set forth in said paragraph.

23.     As to the allegations set forth in Paragraph XIX of the Amended TPC, Fugro admits that Jason Krell and Quinon Pitre were employees of Fugro USA.   The remaining allegations set forth in Paragraph XIX of the Amended TPC constitute legal conclusions and

questions of law to be determined by the Court, and therefore require no response from Fugro. To the extent required, Fugro denies same.

24.     As to the allegations set forth in Paragraph XX of the Amended TPC, Fugro denies same.

25.     As to the allegations set forth in Paragraph XXI of the Amended TPC, Fugro denies same.

26.     As to the allegations set forth in Paragraph XXII of the Amended TPC, Fugro denies same.

27.     As to the allegations set forth in Paragraph XXIII of the Amended TPC, Fugro avers that the Vessel Boarding and Utilization Agreement and Reciprocal Hold Harmless Agreement is the best evidence of its contents.  To the extent that the allegations set forth in the first sentence of Paragraph XXIII of the Amended TPC paraphrase, summarize, or otherwise misrepresent the contents of the referenced document, the same are denied. Fugro admits that Fugro Chance Inc. and Fugro Geoservices, Inc. both have been merged into Fugro USA with Fugro USA as the surviving entity.  Fugro is without personal knowledge or sufficient information to admit or deny the remaining allegations of Paragraph XXIII of the Amended TPC; therefore, Fugro denies same.

28.     As to the allegations set forth in Paragraph XXIV of the Amended TPC, these constitute legal conclusions and questions of law to be determined by the Court, and therefore require no response from Fugro.  To the extent required, Fugro denies same.

29.     As to the allegations set forth in Paragraph XXV of the Amended TPC, Fugro only admits Talos's quotation of portions of the VBA in Paragraph XXV of the Amended TPC is

substantially accurate; however, the original document is the best evidence of its content. Otherwise, Fugro denies the allegations set forth in said paragraph.

30.     As to the allegations set forth in Paragraph XXVI of the Amended TPC, Fugro denies same.

31.     As to the allegations set forth in Paragraph XXVII of the Amended TPC, Fugro admits Krell and Pitre were, at one point, aboard the SEACOR POWER.  Fugro denies the remaining allegations of Paragraph XXVII of the Amended TPC.

32.     As to the allegations set forth in Paragraph XXVIII of the Amended TPC, these constitute legal conclusions and questions of law to be determined by the Court, and therefore require no response from Fugro. To the extent required, Fugro denies the same.

33.     As to the allegations set forth in Paragraph XXIX of the Amended TPC, Fugro denies same.

34.     As to the allegations set forth in Paragraph XXX of the Amended TPC, Fugro denies same.

35.     As to the allegations set forth in the concluding prayer of the Amended TPC, Fugro denies Talos is entitled to same.

## GENERAL DENIAL

36.     Pursuant to Federal Rule of Civil Procedure 8(b)(3), Fugro generally denies any and all allegations and claims asserted by Talos (except for those specifically admitted above) in the Amended TPC, and demands strict proof thereof by a preponderance of the evidence.

## AFFIRMATIVE DEFENSES

37.     The Amended TPC fails to state a right of action against Fugro upon which relief can be granted.

38.     The Amended TPC fails to state a cause of action against Fugro upon which relief can be granted.

39.     Talos's claims premised upon the MSA and the VBA fail for a lack of privity.

40.     The contractual defense and indemnity provisions upon which Talos bases its claims against Fugro in this matter are unenforceable, invalid, or contrary to the governing law.

41.     By pleading these Affirmative Defenses, Fugro is not asserting that it will prove each of these defenses as Fugro maintains that Talos retains the burden of proof on all elements and requirements of the claims asserted in the Amended TPC and to prove its damages.  Fugro reserves the right to amend this Answer, including the right to assert any additional defenses that may become apparent during the course of any Fugro investigation and/or discovery.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Third-Party Defendant Fugro USA Marine Inc. prays that Third-Party Plaintiff Talos Energy LLC take nothing by way of this litigation and that all costs of court be taxed against Third-Party Plaintiff Talos Energy LLC, and for such other and further relief to which it is justly entitled.

**March 25, 2022**

Respectfully submitted,

*/s/ Miles C. Thomas*
MILES C. THOMAS, BAR # 31342, T.A.
mthomas@milesthomaslaw.com
MILES THOMAS LAW, LLC
8011 Sycamore Street
New Orleans, Louisiana 70118
Telephone: (864) 380-3838

– and –

**WALTERS, BALIDO & CRAIN, L.L.P.**

*/s/ Gregory R. Ave*_____
**GREGORY R. AVE**
*Admitted Pro Hac Vice*
Texas State Bar Number 01448900
AveEdocsNotifications@wbclawfirm.com
Meadow Park Tower, Suite 1500
10440 North Central Expressway
Dallas, Texas 75231
Facsimile Number (214) 347-8311
Telephone Number (214) 347-8310

COUNSEL FOR THIRD-PARTY DEFENDANT,
FUGRO USA MARINE, INC.